GAYLE A. KERN, ESQ.
Nevada Bar No. 1620
KAREN M. AYARBE, ESQ.
Nevada Bar No. 3358
KERN & ASSOCIATES, LTD.
5421 Kietzke Lane, Ste. 200
Reno, Nevada 89511
Tel: (775) 324-5930
Fax: (775) 324-6173
Email: gaylekern@kernltd.com
Email: karenayarbe@kernltd.com

*Attorneys for Defendant, Gayle A. Kern, Ltd. dba Kern & Associates, Ltd.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, FORMERLY KNOWN AS BANKERS TRUST COMPANY OF CALIFORNIA, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-1,<br><br>Plaintiff,<br><br>vs.<br><br>THUNDER PROPERTIES INC.; EDGEWATER HOMEOWNERS ASSOCIATION; KERN & ASSOCIATES, LTD.; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.: 3:16-cv-00381-HDM-WGC<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF GAYLE A. KERN, LTD., dba KERN & ASSOCIATES, LTD.** |

Plaintiff, Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2006-1, Mortgage-Backed Pass-Through Certificates, Series 2006-1, (hereinafter "Deutsche Bank"), by and through its attorneys of record, Dana Jonathon Nitz, Esq. and Yanxiong Li, Esq. of the law firm of Wright, Finlay & Zak, LLP, and Defendant Gayle A. Kern, Ltd., dba Kern & Associates, Ltd. ("K&A" and collectively with "Deutsche" as the

"Parties"), by and through its attorneys of record, Karen M. Ayarbe, Esq. of Kern & Associates, Ltd. hereby stipulate and agree as follows:

**WHEREAS** the above-captioned action concerns Defendant Edgewater Homeowners Association's (the "Association") NRS Chapter 116 nonjudicial foreclosure sale on or about June 18, 2014 ("HOA Sale") involving certain real property located in Washoe County, Nevada, commonly known as 100 Riverhaven Place, Reno, Nevada 89509 ("Property");

**WHEREAS** Deutsche Bank filed its First Amended Complaint on September 27, 2017, alleging several causes of action against K&A in connection with the HOA Sale and the Property [ECF No. 16];

**WHEREAS** K&A has never claimed any interest in the Property;

*NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED* that the Complaint against Defendant K&A is hereby dismissed in its entirety *without prejudice*;

*IT IS FURTHER STIPULATED AND AGREED* that K&A shall not seek reconsideration of, appeal, or otherwise contest any final order, judgment or decree as to the validity and enforceability of the HOA Sale of the Property.

*IT IS FURTHER STIPULATED AND AGREED* as follows:

1. The period of time commencing June 16, 2016 **(the "Effective Date")** and ending on the Termination Date (as that term is defined in paragraph 4 below), shall not be included in determining the applicability of any statute of limitations, laches, or any other defense based on lapse of time in any action or proceeding brought by Deutsche Bank against K&A with respect to the HOA Sale, the Property, and the Amended Complaint. The Parties stipulate and agree, however, that K&A reserves any and all rights and defenses in connection with whether the improper naming of K&A in the Nevada Real Estate Division Claim No. 16-1107 ("ADR Claim No. 16-1107") constitutes sufficient notice for tolling of any applicable statute of limitations, laches, or other defense based on lapse of time, and whether any purported, attempted service on K&A of ADR Claim No. 16-1107 was proper.

2. Except as is set forth in the preceding paragraph, nothing in this Stipulation shall diminish or affect any defense available to any Party as of the date of this Stipulation, and this Stipulation shall not be deemed to revive any claim, remedy, and/or cause of action, legal or equitable, that is or was already barred as of the Effective Date, nor shall this Stipulation create any new claim, remedy, and/or cause of action, legal or equitable, against any Party hereto. Nothing in this Stipulation, or in the circumstances that gave rise to this Stipulation shall be construed as an acknowledgement by any Party that any claim, remedy, and/or cause of action, legal or equitable, has or has not been barred, or is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time;

3. This Stipulation shall not operate as an admission of liability by any Party. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party;

4. Any Party may terminate this Stipulation on thirty (30) days written notice to counsel for the other Parties. The Termination Date shall be the first business day following thirty (30) days after a Party has provided written Notice of Termination pursuant to this paragraph;

5. This Stipulation comprises the entire agreement of the Parties with respect to the tolling of any statute of limitations. This Stipulation may be modified, amended, or supplemented only by a written instrument signed by all of the Parties;

6. Within thirty (30) days of appearance in this matter by the Association, K&A shall provide to the Association's defense counsel of record the Association's lien, collection and foreclosure files and/or documents, with respect to the real property located at 100 Riverhaven Place, Reno, Nevada 89509 which are in K&A's possession concerning the June 18, 2014 NRS Chapter 116 assessment lien foreclosure sale on the Property for production by the Association's defense counsel in the course of discovery and in accord

with the Federal Rules of Civil Procedure, subject to any and all applicable objections and privileges.

7. Upon proper notice by Deutsche Bank in accord with the Federal Rules of Civil Procedure, K&A shall make available a knowledgeable witness for deposition limited to the Association's assessment lien foreclosure sale of the Property, and subject to any and all applicable objections and privileges. K&A shall be provided 30 days' notice of the deposition, and an opportunity to coordinate with Deutsche Bank's counsel, a mutually convenient time, date and location of such deposition. K&A reserves all rights, defenses, and remedies relative to the notice of deposition.

8. Except as set forth hereinabove, the Parties reserve any and all rights, privileges, and defenses under applicable law.

9. Nothing herein shall be construed as a waiver of the attorney client and/or work product privilege that exists among and between K&A and Edgewater Homeowners Association, or any other association client of K&A.

***IT IS FURTHER STIPULATED AND AGREED*** that each side will bear its own attorney's fees and costs through the date of entry of the Court's Order granting this Stipulation.

***IT IS SO STIPULATED AND AGREED.***

***WHEREFORE,*** the undersigned request this Court enter an Order granting the above Stipulation.

DATED this 8th day of November 2017.   DATED this 8th day of November 2017.

WRIGHT, FINLAY & ZAK, LLP   KERN & ASSOCIATES, LTD.

/s/ Yanxiong Li, Esq.   /s/ Karen M. Ayarbe, Esq.
Yanxiong Li, Esq.   Karen M. Ayarbe, Esq.
Nevada Bar No. 12807   Nevada Bar No. 3358
7785 W. Sahara Avenue, Suite 200   5421 Kietzke Lane, Ste. 200
Las Vegas, Nevada 89117   Reno, Nevada 89511
*Attorneys for Plaintiff, Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2006-1, Mortgage-Backed Pass-Through Certificates, Series 2006-1*   *Attorneys for Defendant, Gayle A. Kern, Ltd., dba Kern & Associates, Ltd.*

**ORDER**

Based on the foregoing Stipulation by and between the Parties, and good cause appearing, ***IT IS SO ORDERED*** that the Complaint against Gayle A. Kern, Ltd., dba Kern & Associates, Ltd., is ***DISMISSED*** in its entirety, without prejudice, each Party to bear its own attorney's fees and costs incurred as of the date of this Order.

DATED this 13th day of November 2017.

_____
UNITED STATES DISTRICT COURT JUDGE

# CERTIFICATE OF SERVICE

Pursuant to the Fed. R. Civ. Proc. 5(b) and the United States District Court CM/ECF Electronic Filing Procedure IV(B), a true and correct copy of the foregoing *STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF GAYLE A. KERN, LTD., dba KERN & ASSOCIATES, LTD.* was transmitted electronically through the Court's e-filing electronic system to the attorney(s) associated with this case.

| | |
|---|---|
| KALEB D. ANDERSON | kanderson@lipsonneilson.com |
| | snutt@lipsonneilson.com |
| | epena@lipsonneilson.com |
| | rrittenhouse@lipsonneilson.com |
| ROGER P. CROTEAU | croteaulaw@croteaulaw.com |
| | receptionist@croteaulaw.com |
| YANXIONG LI | yli@wrightlegal.net |
| | kwightman@wrightlegal.net |
| | NVefile@wrightlegal.net |
| DANA JONATHON NITZ | dnitz@wrightlegal.net |
| | NVefile@wrightlegal.net |
| DAVID T. OCHOA | dochoa@lipsonneilson.com |
| | snutt@lipsonneilson.com |
| | ascott-johnson@lipsonneilson.com |
| | rrittenhouse@lipsonneilson.com |
| TIMOTHY RHODA | croteaulaw@croteaulaw.com |
| | receptionist@croteaulaw.com |
| JAKE R. SPENCER | jake.spencer@lewisbrisbois.com |

/s/ Christine A. Lamia
An Employee of Kern & Associates, Ltd.